IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CR 421-1 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ODELL GIVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Odell Givens has pleaded guilty to three counts of possessing cocaine with the intent to distribute and one count of conspiring to do the same in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 8, 2016, this Court denied Givens's *pro se* motion to withdraw his guilty plea based upon his lawyers' failure to move to suppress evidence against him. Givens now moves the Court to reconsider its ruling [342]. He also brings a motion requesting an evidentiary hearing on his motion to reconsider [348] and a motion requesting a hearing to demonstrate that the Government applied for a sealing order in bad faith [354]. For the reasons explained below, these motions are denied.

## Background

The Court assumes familiarity with its prior order denying Givens's motion to withdraw his guilty plea. *See generally United States v. Givens*, No. 12 CR 421-1, 2016 WL 3766337 (N.D. Ill. July 8, 2016). As such, only a brief summary of relevant facts is provided.

In June 2012, Givens and eighteen codefendants were charged by criminal complaint for crimes relating to the sale and possession of cocaine. Compl. at 1–5, No. 12 CR 421, ECF No. 1. These charges were the fruit of an extensive investigation involving wiretaps of multiple phones used by Givens and his codefendants. *See id.* ¶ 7. In turn, the investigation of Givens's drug-trafficking activities arose out of an earlier investigation of two related street gangs, the Imperial Insane Vice Lords and the Traveling Vice Lords. During this earlier investigation, law enforcement agents obtained a wiretap for the phone of Jettie Williams, an alleged member of the Traveling Vice Lords.[1] Intercepted conversations between Williams and Givens on Williams's phone were subsequently used to obtain separate authorization for a wiretap of Givens's phone. *See* Gov't Ex. A, Sept. 2011 Application, Aff. ¶¶ 26–31, ECF No. 332-1. Agents also obtained authorization for a second wiretap of Givens's phone when Givens later changed his phone number. *See generally* Gov't Ex. G, June 2012 Application, ECF No. 332-7.

Represented by counsel, Givens pleaded guilty in February 2014 to three counts of possessing cocaine with intent to distribute and one count of conspiring to do the same in violation of 21 U.S.C. §§ 841(a)(1) and 846. Guilty Plea ¶ 1, ECF No. 234. On November 30, 2015, Givens filed a *pro se* motion to withdraw his guilty plea, arguing that his lawyers had rendered ineffective assistance of counsel by failing to move to suppress wiretap evidence.

---

[1] The wiretap application for Williams's phone was authorized by then–Chief Judge James F. Holderman on August 10, 2011. The application and authorization order remain under seal but have been tendered to Givens. *See* Gov't Resp. at 7 n.2, ECF No. 352.

2

Givens's motion to withdraw his guilty plea was premised on two primary challenges to the wiretap evidence collected against him. First, he argued that the original wiretap application for his phone was not supported by probable cause as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* ("Title III"), because the application incorrectly attributed the criminal activities of the Imperial Insane Vice Lords to Williams and, in turn, to Givens himself. Upon examining the application, however, the Court concluded that it relied upon no such erroneous attribution of criminal activities and that it legitimately established probable cause. *Givens*, 2016 WL 3766337, at *3–4.

Second, Givens argued that the applications used to obtain wiretaps for his phones failed to comply with 18 U.S.C. § 2518(1)(c), which requires a Title III application to include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). After evaluating the specific statements that Givens identified as failing to meet this requirement, the Court rejected this argument. *Givens*, 2016 WL 3766337, at *4–5.

In sum, because the wiretap applications for Givens's phones had established probable cause and complied with § 2518(1)(c), Givens had failed to show that a motion to suppress wiretap evidence would have been meritorious. As such, the Court concluded that Givens's lawyers had not rendered ineffective assistance by failing to file a motion to suppress and that Givens therefore had "not identified a

3

fair and just reason to permit the withdrawal of his guilty plea." *Id.* at *5 (citing *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). The Court accordingly denied Givens's motion to withdraw. *Id.*

## **Legal Standard**

Although the Federal Rules of Criminal Procedure do not expressly authorize motions to reconsider, such motions are permitted in criminal cases and are treated like their civil counterparts. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77–80 (1964)). In general, motions for reconsideration are "viewed with disfavor," and they are granted "only in the rarest of circumstances and where there is a compelling reason." *HCP of Ill., Inc. v. Farbman Grp. I, Inc.*, 991 F. Supp. 2d 999, 1000 (N.D. Ill. 2013). A motion for reconsideration serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence that could not have been previously presented to the court. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

## **Analysis**

In asking the Court to reverse its denial of his motion to withdraw his guilty plea, Givens again claims to have pleaded guilty pursuant to ineffective assistance of counsel, arguing that his lawyers should have moved to suppress the wiretap

4

evidence because the Title III applications failed to establish probable cause. *See* Mot. Recons. at 30. This time, Givens primarily supports this argument with "newly discovered evidence" of conversations that were intercepted on Williams's phone but that were not referenced in the original application for Givens's phone ("the September 2011 Application"). *Id.* at 2, 25; *see also* Def.'s Resp. at 3–5, ECF No. 357. According to Givens, the cherry-picked conversations incorporated into the September 2011 Application would not have established probable cause if they had been presented alongside other intercepted conversations that were omitted from the application. Mot. Recons. at 2, 12–13, 25. In these omitted conversations, Williams discusses his desperate financial situation with various individuals, and Williams and Givens discuss meeting so that Givens can lend Williams financial assistance. *Id.*

Givens characterizes these omitted conversations as "newly discovered evidence" because the Government never provided him or his lawyers with complete records of the calls intercepted on Williams's phone. *Id.* at 30–31.[2] It is unclear, however, whether these conversations should in fact be regarded as newly discovered evidence warranting reconsideration on the merits. *See Caisse Nationale*, 90 F.3d at 1269. Some of the omitted conversations were between Givens and Williams, and those conversations were therefore within Givens's

---

[2] The last twenty-five pages of Givens's motion for reconsideration appear to reproduce transcripts and summaries of many conversations intercepted on Williams's phone. *See* Mot. Recons. at 50–74. In light of Givens's allegation that the Government never tendered these call records to him, the source of these transcripts and summaries is unclear.

knowledge at the time he filed his original motion. Facts previously within Givens's knowledge cannot now be treated as newly discovered evidence. *Cf. United States v. Ellison*, 557 F.2d 128, 133 (7th Cir. 1977). In any event, even assuming that some conversations may constitute newly discovered evidence warranting reconsideration of Givens's original motion, Givens's motion to reconsider still fails.

Probable cause exists when there is "sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Spears*, 673 F.3d 598, 608 (7th Cir. 2012) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Further, probable cause is present "as long as there is a reasonable probability that there is criminal activity afoot," even if there may be an innocent alternative explanation of the facts giving rise to probable cause. *United States v. Dorfman*, 542 F. Supp. 345, 359 (N.D. Ill. 1982) (collecting cases). When a magistrate or other issuing judge has determined that probable cause exists to support a Title III application, the judge's determination is entitled to deference by a reviewing court. *See United States v. Orozco*, 576 F.3d 745, 748 (7th Cir. 2009); *Dorfman*, 542 F. Supp. at 361.

Here, the September 2011 Application is supported by an affidavit establishing probable cause based on conversations between Givens and Williams that were previously intercepted over Williams's phone. *See* Sept. 2011 Application, Aff. ¶¶ 26–31. In several of these conversations, Givens and Williams discuss meeting in person, and they appear to be purposefully vague about the reason for these meetings. *Id.*, Aff. ¶¶ 26–28, 30. In one conversation, Givens tells Williams

6

that he wants to meet in order to "get these projects off the ground," which investigating officers interpreted to mean that Givens wanted to meet with Williams in order to deliver narcotics. *Id.*, Aff. ¶ 28. In another conversation, Givens tells Williams that he was recently stopped by police in a certain neighborhood; the two make plans to meet the next day, and Givens emphasizes that he wants to meet far away from the location where he was stopped. *Id.*, Aff. ¶ 30.

These conversations—in which Givens and Williams arrange meetings, avoid express references to the meetings' purpose, and discuss a meeting spot where they are less likely to encounter law enforcement officers—were sufficient to allow the judge issuing authorization for the September 2011 Application to discern a reasonable probability that criminal activity was afoot. *See Spears*, 673 F.3d at 608; *see also United States v. Bennett*, No. 08 CR 1028-8, 2010 WL 2927475, at *8 (N.D. Ill. July 21, 2010), *aff'd*, 454 F. App'x 509 (7th Cir. 2011) (finding probable cause where officers intercepted a conversation in which defendant arranged a meeting to exchange narcotics by speaking with "seemingly purposeful vagueness" and without expressly mentioning narcotics). In challenging the issuing judge's determination of probable cause, Givens offers an innocent alternative explanation for these meetings: he claims that he met with Williams to lend him money, and he argues that the issuing judge could not have found probable cause if the September 2011 Application had included transcripts of other conversations in which Williams discussed his indigence. Mot. Recons. at 12–13, 25–26. This alternative explanation is unavailing. Adducing evidence of such innocent conversations would

7

not have vitiated the probable cause established by the conversations reproduced in the September 2011 Application. *See Dorfman*, 542 F. Supp. at 359; *Bennett*, 2010 WL 2927475, at *8.

In support of his argument, Givens cites *United States v. Simmons*, 771 F. Supp. 2d 908 (N.D. Ill. 2011). In *Simmons*, the court granted a motion to suppress evidence where an affidavit supporting a search warrant omitted material facts that undermined the reliability of information provided by a confidential informant. *Id.* at 915, 921–22. By contrast, in the present case, the omission of conversations in which Williams discussed his financial situation with others does nothing to undermine the credibility of the evidence incorporated in the September 2011 Application. Givens's reliance on *Simmons* is therefore unpersuasive.

Building further on his theory that these omitted conversations would have undermined the existence of probable cause, Givens raises two additional issues. First, he asserts that officers' omission of these conversations from the September 2011 Application was intentional and reckless, and he moves for an evidentiary hearing on this matter. Mot. Recons. at 2–4; Mot. Req. Hr'g at 2, ECF No. 348. Second, he argues that the Government's failure to tender the records of Williams's calls to Givens and his lawyers was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Mot. Recons. at 30, 39. These arguments too are unavailing. As explained above, evidence of these other conversations would not have affected the determination of probable cause supporting the September 2011 Application. These conversations are therefore immaterial, and neither an evidentiary hearing nor any

further discussion of *Brady* is needed. *See United States v. Robinson*, 546 F.3d 884, 889 (7th Cir. 2008) ("Because . . . the omissions were not material, we need not determine whether [the officer's] omissions were intentional or reckless."); *United States v. Nash*, 29 F.3d 1195, 1202 (7th Cir. 1994) (rejecting claim of *Brady* violation where defendants failed to show the evidence at issue was material to their case).

None of the other arguments in Givens's voluminous filings warrants consideration on the merits, because they do not aim to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale*, 90 F.3d at 1269. For example, Givens alludes to his previously raised argument concerning the September 2011 Application's compliance with § 2518(c). Mot. Recons. at 21. The Court previously rejected this argument, *Givens*, 2016 WL 3766337, at *4–5, and Givens has pointed to no manifest error of law or fact meriting reconsideration of this issue. Givens also challenges officers' statements in the September 2011 Application as violations of the Federal Rules of Evidence. Mot. Recons. at 3, 42–44. Because this argument speaks to a "matter[ ] that could have been heard during the pendency of the previous motion," it is an improper argument to raise at this stage, *Caisse Nationale*, 90 F.3d at 1270, and it is in any case wholly baseless, as the Federal Rules of Evidence do not govern Title III applications. *See* Fed. R. Evid. 1101(d)(3).

Finally, in connection with the arguments raised in his motion to reconsider, Givens challenges an order issued by Judge Holderman in June 2012 sealing the Title III applications, affidavits, and orders in this case and permitting the

9

Government to file redacted versions of those documents. *See* Mot. Req. Hr'g at 2.[3] Specifically, Givens alleges that the Government requested the sealing order in bad faith, and that redactions made pursuant to the order impaired Givens's and his lawyers' ability to investigate arguments in support of a motion to suppress. *Id.* at 2, 10; *see also* Mot. Recons. at 30. Givens now moves for a hearing on this issue. Mot. Req. Hr'g at 1. Having reviewed the unredacted versions of the relevant documents, however, the Court has concluded that a motion to suppress would not have been meritorious, for the reasons stated above as well as in the prior order denying Givens's original motion. The Government's redactions of various Title III applications, affidavits, and orders in this case were immaterial to the outcome of the proceedings, and Givens's motion for a hearing on this issue is thus denied.

## Conclusion

For the reasons stated herein, Givens's motion to reconsider [342], motion requesting a hearing on the motion to reconsider [348], and motion requesting a hearing to demonstrate that the sealing order was applied for in bad faith [354] are denied. This case will proceed to sentencing.

**IT IS SO ORDERED.**   **ENTERED**

**Date: 11/23/16**

*/s/ John Z. Lee*

**John Z. Lee**
**United States District Judge**

---

[3] The motion requesting this sealing order and the order itself were attached as an exhibit to the Government's response to Givens's motion to withdraw his guilty plea. *See* Gov't Resp., Ex. A, ECF No. 320-1.